IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JEFFREY A. BAKER,               )
                                )
        Movant,                 )
                                )
v.                              )        Civil No. 4:14-CV-0481-DGK
                                )        Crim. No. 4:08-CR-00256-DGK
                                )
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This case arises out of Movant Jeffrey Baker's guilty plea for bank robbery and aiding and abetting the brandishing of a firearm. Pending before the Court is Movant's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Civ. Doc. 1).[1] Finding Movant's arguments are without merit and an evidentiary hearing is unnecessary, the Court denies the motion and declines to issue a certificate of appealability.

### Procedural History

As the Government's statement of facts accurately summarizes the record documents, the Court essentially adopts the majority of the factual and procedural background facts from the Government's Suggestions in Opposition (Civ. Doc. 5).

On September 10, 2008, a grand jury empaneled in the Western District of Missouri returned a two-count indictment charging Movant with: (1) bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d); and (2) aiding and abetting his co-defendant's carrying, brandishing, and

---

[1] Throughout the opinion, references to civil case documents will be "Civ. Doc.__" while references to criminal case documents will be "Crim. Doc.__."

use of a firearm, in violation of 18 U.S.C. §§ 2, 924(c) (Crim. Doc. 1 at 1-2).  Movant eventually

pled guilty to both counts (Crim. Doc. 33).

On June 30, 2009, the Court sentenced Movant (Crim. Doc 48).  He received a 46-month

prison sentence on Count One, and an 84-month prison sentence on Count Two (Crim. Doc. 59

at 16).  The Court ordered Movant to serve the sentences consecutively (Crim. Doc. 59 at 16).

Movant appealed to the Eighth Circuit, arguing that the Court erred in running the sentences

consecutively.  *United States v. Baker*, 384 F. App'x 526, 528 (8th Cir. 2010).   The Eighth

Circuit affirmed on July 15, 2010.  *Id.* at 529.  The sentence became final ninety days later, on

October 13, 2010.

On June 17, 2013, the United States Supreme Court handed down its decision in *Alleyne

v. United States*, holding that a district court may not increase a mandatory minimum sentence

based on facts not found by the jury.  133 S. Ct. 2151, 2155 (2013).  Movant subsequently filed

the instant motion on May 15, 2014, arguing that *Alleyne* retroactively applies to his case and

entitles him to resentencing (Civ. Doc. 1 at 4).  The Government filed a response on July 1,

2014, arguing that Movant's motion is untimely (Civ. Doc. 5 at 1-2).  Movant failed to respond

despite being ordered to do so by the Court (Civ. Doc. 6).[2]  Movant's motion is now ripe for

review.

### Standard

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside

or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United

States."  28 U.S.C. § 2255(a).  The movant is entitled to a hearing "[u]nless the motion and the

---

[2] On October 23, 2014, Movant filed a document informing the Court that he sent his reply brief to the United States
Attorneys' Office (Doc. 7).  Because Movant failed to properly and timely file his reply brief with the Court or ask
for an extension to do so, the Court rules upon the instant motion without it.

2

files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.* § 2255(b).

A one-year statute of limitations applies to Section 2255 motions. *Id.* § 2255(f). The one-year limitations period runs from the latest of the following:

> (1)     the date on which the judgment of conviction becomes final;
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

## Discussion

Movant raises a sole ground for relief: his sentence for aiding and abetting his co-defendant's brandishing of a firearm violates the holding of *Alleyne*.

### I.   The Court lacks jurisdiction to rule upon Movant's motion because it falls outside the one-year limitation period for filing Section 2255 motions.

The Government first contends that Movant's motion is untimely. Movant disagrees. In his initial motion, he states that he filed within one year of the Supreme Court's *Alleyne* decision, thus satisfying 28 U.S.C. § 2255(f)(3).

The Supreme Court decided *Alleyne* on June 17, 2013, and Movant filed his motion within one year of this date. The issue thus becomes whether (1) *Alleyne* established a new right, *and* (2) the Supreme Court deemed it retroactively applicable to Section 2255 cases. *See* 28 U.S.C. § 2255(f)(3). The Government contends that *Alleyne* fails to satisfy the second prong. The Court agrees.

As this Court has consistently held, *Alleyne* does not apply retroactively because the Supreme Court made no such pronouncement in its decision, and Supreme Court has *explicitly* held that *Alleyne*'s progenitor, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not retroactive. *See, e.g.*, *Heizman v. United States*, No. 14-CV-97-W-DGK, 2014 WL 3907783, at *3 (W.D. Mo. Aug. 11, 2014) (citing *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (Easterbrook, J.)).  Nor does *Alleyne* fall within one of the two narrow exceptions that would allow it to apply retroactively even in absence of an explicit mandate from the Supreme Court. *See id.* (holding that *Alleyne* neither prohibits a category of punishment nor constitutes a watershed rule of criminal procedure).  For these reasons, *Alleyne* has no application here, and thus 28 U.S.C. § 2255(f)(3) cannot salvage Movant's motion.

Nor can Movant rely on the remaining accrual moments articulated in this section.  It is clear that when Movant filed his motion on May 15, 2014, he did so well beyond the date on which his sentence became final—October 13, 2010.  *See* 28 U.S.C. § 2255(f)(1) (petitioner must file within one year of sentence becoming final); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *Baker*, 384 F. App'x at 526 (decided on July 15, 2010); Sup. Ct. R. 13(1) (appellant has ninety days from the date of entry of judgment to file a petition for a writ of certiorari with the United States Supreme Court).   And Movant does not contend, nor does the record indicate, that the Government impeded his ability to file earlier or that the facts underlying his claim only surfaced last year.  *See* 28 U.S.C. §§ 2255(f)(2), (4).

Because Movant's motion is untimely under 28 U.S.C. § 2255(f), the Court lacks jurisdiction to rule on the merits of his claim.  *See United States v. Craycraft*, 167 F.3d 451, 457

(8th Cir. 1999) (noting that a district court lacks jurisdiction to entertain substantive claims raised in an untimely Section 2255 motion).

## II.  No evidentiary hearing is required or will be held.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted).  The Court need not hold a hearing, however, if: (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.  *Sanders v. United States*, 341 F.3d 720, 721 (8th Cir. 2003).

Because Movant's motion is barred as a matter of law, no evidentiary hearing is required or will be held.

## III.  No certificate of appealability should be issued.

In order to appeal an adverse decision on a Section 2255 motion, a movant must first obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).  District courts customarily address this issue contemporaneously with the order on the motion.  *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)).  In the

present case, the Court holds no reasonable jurist would grant this Section 2255 motion, so the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons discussed above, the motion (Civ. Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  <u>January 5, 2015</u>                         <u>/s/ Greg Kays</u>
                                                            GREG KAYS, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT

6